IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUZANNAH SCHMID,

                                          OPINION AND ORDER

              Appellant,

                                          13-cv-784-bbc

    v.

BANK OF AMERICA, N.A.,

              Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case arises out of a bankruptcy petition filed by Debtor Suzannah Schmid under chapter 13 of the bankruptcy code. Schmid is appealing an order entered by the Bankruptcy Court for the Western District of Wisconsin on September 5, 2013, denying her motion under Fed. R. Civ. P. 60(b) for relief from orders entered in April and June 2013. The following matters are before the court: (1) Schmid's motion to recuse or disqualify me as the judge in her case, dkt. #4; (2) Bank of America's motion to dismiss Schmid's appeal of the bankruptcy court's April and June orders as untimely, dkt. #2; (3) Schmid's motion for sanctions under 28 U.S.C. § 1927 on the ground that Bank of America's motion to dismiss was unreasonable and vexatious, dkt. #6; and (4) Schmid's appeal of the bankruptcy court's September 5, 2013 decision, dkt. #1.

      I am denying the recusal motion because Schmid has not shown that I am biased or prejudiced against her or otherwise impartial. Bank of America's motion to dismiss will be denied as moot because Schmid has conceded that she is not appealing the April and June

orders issued by the bankruptcy court. However, because I conclude that the motion to dismiss was not unreasonable, vexatious or implausible, I will deny Schmid's request to award sanctions against Bank of America. Finally, because Schmid has not shown that the bankruptcy court abused its discretion in denying her Rule 60 motion for relief, I am affirming the September 2013 order.

BACKGROUND

On September 24, 2009, the Circuit Court for Portage County, Wisconsin, entered a default judgment of foreclosure against Schmid and her property located in Almond, Wisconsin. The circuit court awarded Bank of America $41,712.14 under the terms of the note and mortgage and directed that Schmid's property be sold at a sheriff's sale. Although Schmid did not appeal the foreclosure judgment, she filed a chapter 13 bankruptcy case on March 23, 2010.

During the bankruptcy proceedings, Bank of America filed a proof of claim to which Schmid filed an objection, asserting that Bank of America was not the real party in interest and did not own or hold the note and mortgage. Bank of America subsequently filed three amended proofs of claim, the last of which (Proof of Claim 2-4) was filed on July 5, 2011. At a telephonic status conference held on November 10, 2011, the bankruptcy court stated that "[b]ased on this conference, we'll say the objection to claim is withdrawn based on this conference. Withdrawn without prejudice." Bankr. Case No. 10-12142, dkt. #172 at 4. The bankruptcy court entered an order on the same day, finding that "the objection to [Bank

2

of America's] claim is deemed withdrawn without prejudice." Id., dkt. #111.

On April 27, 2012, Schmid filed a second objection to Bank of America's proof of claim, reasserting issues related to the ownership of the note and mortgage and challenging the effectiveness of the transfers of those documents to confer standing on Bank of America to enforce or collect on the judgment, note or mortgage. On August 15, 2012, Schmid filed an adversary proceeding (Bankr. Case No. 1:12-ap-160), asserting similar arguments and contending that Bank of America did not own the note and mortgage. Bank of America moved to dismiss that action as barred by the doctrines of Rooker-Feldman and claim preclusion.

At a hearing on January 31, 2013, the bankruptcy court consolidated the claim objection and the motion to dismiss the adversary proceeding. The bankruptcy court stated that if it did not dismiss the adversary proceeding, a hearing would be held on June 14, 2013. Schmid did not object to the court's proposed disposition or argue that a hearing on the claim objection should continue even if the adversary proceeding was dismissed. Bankr. Case No. 10-12142, dkt. #172 at 5 (citing January 31, 2013 audio recording at 1:50:11).

On April 24, 2013, the bankruptcy court entered an order allowing Bank of America's Proof of Claim 2-4 and dismissing Schmid's adversary proceeding. The bankruptcy court held that Schmid's challenge to the endorsements on the note and the assignment of the mortgage was barred by the Rooker-Feldman doctrine and the doctrine of claim preclusion as a result of the state court foreclosure judgment. Bankr. Case No. 10-12142, dkt. #162 at 19-24. It also found that Bank of America possessed the original note

endorsed in blank, the signatures on the note were presumed to be authentic and the alleged improprieties in the conveyance of the mortgage were irrelevant under the equitable assignment doctrine because the mortgage follows the note.  Id. at 25-32.  Schmid filed a motion for reconsideration of the April order on May 8, 2013, arguing in part that the bankruptcy court had denied her right to an evidentiary hearing on her objection to Bank of America's proof of claim and mischaracterized her arguments regarding the loan assignments and allonges.  (Schmid appealed the dismissal of her adversary proceeding in this court on May 30, 2013.  Case No. 13-cv-383.)

The bankruptcy court denied the motion for reconsideration on June 7, 2013 and found that Schmid was not entitled to an evidentiary hearing because  (1) Bank of America's signed and filed proof of claim constituted prima facie evidence of both the validity and amount of the claim; (2) Schmid failed to produce sufficient evidence to rebut the claim; (3) Schmid did not dispute that she signed the note and mortgage; (4) the note attached to the proof of claim was a negotiable instrument endorsed in blank; (5) as bearer of a note endorsed in blank, Bank of America was the holder of the note; (6) Schmid lacked standing to challenge the validity or timing of the endorsement because the signatures on the note were presumed to be authentic and authorized; and (7) as the holder of the note, Bank America was entitled to enforce the mortgage under the doctrine of equitable assignment.  Bankr. Case No. 10-12142, dkt. #172 at 3-4.  The bankruptcy court further noted that at the January 31, 2013 hearing, Schmid's counsel had not objected to its consolidation of the claim objection and the motion to dismiss the adversary proceeding or

to the court's statement that if the adversary proceeding was dismissed, it would also take care of the claim objection. Id.

On July 15, 2013, Schmid filed a motion for relief from the April and June orders. After the bankruptcy court denied Schmid's motion for relief on September 5, 2013, Schmid filed an appeal in this court on September 19, 2013.

OPINION

A. Motion to Recuse

Certain statutes authorize recusal of judges for "personal bias or prejudice," 28 U.S.C. § 144, and questionable impartiality, 28 U.S.C. § 455, but Schmid has alleged nothing that would demonstrate that either of these apply in this case. Schmid seems to believe that I am biased primarily because I issued decisions adverse to her in her adversary case in this matter. Schmid v. Bank of America, N.A., 13–cv–383–bbc. Specifically, I upheld the decision of the bankruptcy court and dismissed Schmid's adversary case for lack of subject matter jurisdiction, after finding that it was barred by the Rooker-Feldman doctrine. Schmid v. Bank of America, N.A., 498 B.R. 221 (W.D. Wis. 2013). I also denied her subsequent motion to proceed in forma pauperis, certifying that her planned appeal was not taken in good faith.

By themselves, such judicial rulings are not sufficient bases for recusal. Litekey v. United States, 510 U.S. 540, 555 (1994); United States v. Slaughter, 900 F.2d 1119, 1126 n. 5 (7th Cir. 1990) (bias and prejudice must be personal, not based on particular judicial

5

proceeding). The recusal statutes were not "intended to enable a discontented litigant to oust a judge because of adverse rulings." Litekey, 510 U.S. at 549. Because the previous decisions I entered were based on my interpretation of the law and facts and not on any personal bias or prejudice, the need for judicial reassignment does not arise. Sands-Wedeward v. Local 306, National Postal Mail Handlers Union, 2013 WL 2149721, *2 (W.D. Wis. May 16, 2013) (finding same).

### B. Motion to Dismiss and Sanctions

In her "Notice of Appeal and Preliminary Statement on Appeal" in this case, Schmid stated that she was appealing the "September 5, 2013 Order Denying her Motion to Vacate the Order . . . entered on April 24, 2013 and the Order Denying Reconsideration of the Order . . . entered on June 7, 2013, all of which were entered in violation of her Fifth Amendment rights." Dkt. #1 at 1. She explained her objections to the April, June and September orders. Id. at 1-2. Bank of America promptly filed a motion to dismiss, arguing that Schmid had not filed a timely appeal of the bankruptcy court's April and June orders. In her response to the motion, Schmid explained that she "clearly was not appealing from the Bankruptcy Court's Orders of April 24, 2013 and June 7, 2013," dkt. #5 at 2, and she sought damages under 28 U.S.C. § 1927 for having to defend against the motion, dkt. #6.

Because Schmid concedes that she is not appealing the April and June 2013 orders, Bank of America's motion to dismiss the appeal of those orders is moot. The court's review of the bankruptcy court proceedings is limited to the September 2013 order. However, I

do not find that Bank of America's filing of the motion to dismiss warrants an award of fees in this case. It would be hard to read Schmid's motion as not directed to all three motions. A cautious adversary would have every reason to assume that it was directed to all three.

Section 1927 states that "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of this statute is "to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." Kapco Manufacturing Co., Inc. v. C & O Enterprises, Inc., 886 F.2d 1485, 1491 (7th Cir. 1989) (internal citation omitted). A court may impose sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice," Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 119 (7th Cir. 1994); pursued a claim that is "without a plausible legal or factual basis and lacking in justification," id.; or "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound," Kapco, 886 F.2d at 1491.

Bank of America's motion to dismiss was not unreasonable, vexatious or implausible. The wording of Schmid's notice of appeal was far from clear. It was not unreasonable to infer from her discussion of the April and June orders that she intended to appeal them as well as the September order. The court can hardly fault Bank of America for taking the precautionary step of filing a motion to dismiss to limit the issues to those properly before

7

the court. Further, the motion required only a brief response from Schmid and did not unreasonably multiply or delay the proceedings in this case. Accordingly, I decline to sanction Bank of America.

### C. Appeal of September 2013 Order

On July 15, 2013, Schmid filed a Rule 60 motion for relief from the bankruptcy court's April and June orders, arguing that (1) she had newly-discovered evidence that Freddie Mac and not Bank of America held her mortgage, Rule 60(b)(2); (2) Freddie Mac committed fraud, misrepresentation and misconduct by concealing its identity behind Bank of America, Rule 60(b)(3); and (3) the bankruptcy court's decision and order was void, Rule 60(b)(4). The bankruptcy court discussed and rejected each of these arguments in its September 5, 2013 order denying Schmid's motion, noting that she had raised the same ineffective arguments repeatedly in the past with the same result.

Rule 60 applies in chapter 13 proceedings through Bankruptcy Rule 9024. The standard of review for a denial of relief under Rule 60(b) is "extremely deferential" and in most cases is limited to situations in which there has been an abuse of discretion. Eskridge v. Cook County, 577 F.3d 806, 808 (7th Cir. 2009) (citation omitted); Matter of Childress, 851 F.2d 926, 928 (7th Cir. 1988). Courts have "little leeway" under Rule 60(b)(4), however, because "'[o]nce a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate Rule 60(b) relief.'" Philos Technologies, Inc. v. Philos & D, Inc., 645 F.3d 851, 855 (7th Cir. 2011) (quoting Blaney

v. West, 209 F.3d 1027, 1031 (7th Cir. 2000)).  "Because relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances,' a district court abuses its discretion only when 'no reasonable person could agree' with the decision to deny relief." Eskridge, 577 F.3d at 809 (quoting McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000)).  Under this highly deferential standard of review, the bankruptcy court's decision must stand.

As a preliminary matter, I note that Schmid spends considerable time in her briefs discussing the issues underlying her substantive claims, which the bankruptcy court rejected in its earlier decisions.  Because such matters are not reviewable on a Rule 60 motion, I have not considered those arguments.  Provident Savings Bank v. Popovich, 71 F.3d 696, 698-99, (7th Cir. 1995) (noting appellant's "persistent but belated focus on the merits" and holding that "[b]ecause we are limited to the question of whether a District Court's Rule 60(b) determination involved an abuse of discretion, we do not review the merits of the underlying judgment, and our review is far narrower than it would be on direct appeal."); Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir. 1991) (court cannot reach merits of underlying judgment on Rule 60(b) motion).

1. Newly discovered evidence

On January 27, 2013, Schmid discovered that Freddie Mac had acquired her mortgage on April 6, 2004.  However, she alleges that she did not learn that Freddie Mac instructs the servicers of its collateral to conceal its identity until May 27, 2013, when she

located Freddie Mac's Servicing Guidelines and Document Custody Procedures Handbook on the internet. Schmid also states that her attorney could not download the documents in a suitable format until July 2013.

Rule 60(b)(2) allows a motion for relief from judgment on the grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial [or amended judgment] under Rule 59(b)." A successful Rule 60(b)(2) motion has five prerequisites: (1) the evidence must have been discovered after the entry of judgment; (2) due diligence on the part of the movant to discover the new evidence has been shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. Jones v. Lincoln Electric Co., 188 F.3d 709, 732 (7th Cir. 1999). If any one of these prerequisites is not met, Schmid cannot prevail on her motion. Id.

The bankruptcy court determined that if the evidence existed, it could have been discovered easily before the entry of the April 24, 2013 order, and Schmid's failure to find it constituted a lack of diligence. Schmid asserts that an evidentiary hearing is required to determine whether she could have discovered the evidence any earlier. However, "[d]iligence does not look at what the litigant discovered, but what it could have discovered." In re CMGT, Inc., 417 B.R. 69, 76 (Bankr. N.D. Ill. 2009). Freddie Mac had acquired Schmid's mortgage in 2004, well before Schmid filed for bankruptcy and the bankruptcy court issued its April 2013 order. Schmid learned of this acquisition in January

2013. Although Schmid claims she did not find the servicing guidelines and custody procedures on the internet until May and July of 2013, she fails to explain why she could not have discovered those documents before April 2013.

Schmid's failure to find the documents on the internet until May 2013 does not mean that they are "new." Spacey v. Burgar, 207 F. Supp. 2d 1037, 1053 (C.D. Cal. 2001) (rejecting Rule 60(b)(2) argument because plaintiff failed to explain why advertisements displayed on website could not have been obtained with reasonable diligence at time of resolution of defendant's motion); Meteor Ag v. Federal Express Corp., 2009 WL 3853802 at * 3 (S.D.N.Y. Nov. 18, 2009) (Federal Express Service Guide available to public on internet could not constitute newly discovered evidence for purposes of Rule 60(b)(2)). Schmid does not claim that the documents did not exist before she found the documents in May 2013, and there is no evidence that this was the case. In fact, it seems that the documents would have had to exist well before April of 2013 if they were to have any relevance to her claim that Freddie Mac concealed its identity during the state foreclosure action in 2009.

Further, the bankruptcy court reasonably pointed out that the evidence concerning Freddie Mac would not have changed its decision to allow Bank of America's secured claim, which constituted an entirely separate question. The "new evidence" concerning Freddie Mac's acquisition of the mortgage had no effect on the bankruptcy court's holding that the state court foreclosure judgment precluded Schmid from challenging the endorsements on the note and the assignment of the mortgage and it did not refute the bankruptcy court's

11

finding that Bank of America possessed the original note with signatures that were presumed to be authentic and authorized. As the bankruptcy court found in its April and June orders, the doctrine of equitable assignment makes any purported improprieties in the conveyance of the mortgage irrelevant because the mortgage follows the note.

Because I find that a reasonable person could agree with the bankruptcy court's findings that Schmid failed to perform due diligence in finding the evidence and that the evidence was not material, I am affirming its decision.

2. Fraud, misrepresentation and misconduct

Rule 60(b)(3) permits relief from a judgment for "fraud . . . misrepresentation, or misconduct by an opposing party." See Fed. R. Civ. P. 60(b)(3). As noted by the bankruptcy court, Schmid is required to prove that (1) she had a meritorious claim; and (2) because of fraud, misrepresentation, or misconduct of the adverse party, she was prevented from fully and fairly presenting her case. Lonsdorf v. Seefeldt, 47 F.3d 893, 897 (7th Cir. 1995) (citations omitted).

The bankruptcy court reasonably noted that it had found in previous orders that Schmid's claims concerning the validity and transfer of the note were not meritorious and that Schmid could have brought such claims in the state court proceeding. A review of the bankruptcy court's findings in its April and June orders confirms this. In its previous orders, the bankruptcy court determined that Schmid failed to rebut prima facie evidence of the validity and amount of Bank of America's proof of claim, did not dispute that she

signed the note and mortgage and lacked standing to challenge the validity or timing of the endorsement. In ruling on the Rule 60 motion, the court also correctly pointed out that Schmid had not made a plausible showing that Bank of America had committed any fraud or that the unsubstantiated allegations of fraud had prevented Schmid from presenting her case. As a result, I find that the bankruptcy court did not abuse its discretion in refusing to vacate its previous orders.

3. <u>Void for lack of jurisdiction or due process</u>

Under Rule 60(b)(4), a district court may relieve a party from a final judgment if the judgment is void for lack of jurisdiction or where a due process violation has deprived a party of notice or the opportunity to be heard. <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 271 (2010); <u>Philos Technologies, Inc. v. Philos & D, Inc.</u>, 645 F.3d 851, 854 (7th Cir. 2011). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." <u>Epinosa</u>, 559 U.S. at 271.

Although Schmid's argument is difficult to follow, I understand her to be contending that the bankruptcy court "acted in excess of its jurisdiction" or "extrajurisdicitionally" when it denied her an evidentiary hearing. As both the bankruptcy court and Bank of America point out, Schmid does not contend that the bankruptcy court lacked personal or subject matter jurisdiction in her case. Instead, her claim appears to be that the bankruptcy

court exceeded its authority and violated her due process rights by disposing of her adversary proceeding and overruling her objections to the proof of claim without notifying her that it would cancel the evidentiary hearing and decide the matter on written motions.

"Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Espinosa, 559 U.S. at 272 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  Actual notice is not required.  Dusenbery v. United States, 534 U.S. 161, 170 (2002).  The bankruptcy court found that Schmid had "been accorded due process at every stage of her bankruptcy case," pointing out that Schmid's attorney had appeared before the court on several occasions to be heard related to the claims allowance process and her adversary proceeding against Bank of America; had received numerous extensions of time to file, amend and respond to pleadings; had filed a motion to reconsider and a motion for relief related to the court's order allowing Bank of America's proof of claim, both of which were briefed by the parties and decided by the court; and had responded to Bank of America's motion to dismiss the adversary case.

In addition, Schmid did not object to the bankruptcy court's statement during the January 31, 2013 telephonic conference that a hearing would be held *only* if the bankruptcy court did not dismiss the adversary proceeding.  Although Schmid argues that the bankruptcy court never entered an order consolidating the actions, it had made clear to Schmid the process it intended to follow.  If Schmid had a problem with that decision, she should have raised it before the entry of the April order.

Finally, the bankruptcy court reasonably explained in its June 7, 2013 order that Schmid was not entitled to an evidentiary hearing because Bank of America's signed and filed proof of claim constituted prima facie evidence of both the validity and amount of the claim and Schmid failed to produce sufficient evidence to rebut the claim. As Bank of America notes, where claim defenses raise no evidentiary basis for denying a claim, no evidentiary hearing is required. In re Guidry, 321 B.R. 712, 715 (Bankr. N.D. Ill. 2005) (concluding no hearing is required where prima facie validity of claim remains). In sum, no reasonable person would conclude that Schmid was denied due process in this case.

Because I conclude that the bankruptcy court did not abuse its discretion in denying Schmid's Rule 60 motion, I am affirming that decision and dismissing Schmid's appeal.

ORDER

IT IS ORDERED that

1. Debtor Suzannah Schmid's motion to recuse or disqualify me as the judge in her case, dkt. #4, is DENIED;

2. Creditor Bank of America, N.A.'s motion to dismiss Schmid's appeal of the bankruptcy court's April and June 2013 orders as untimely, dkt. #2, is DENIED as moot;

3. Schmid's motion for sanctions under 28 U.S.C. § 1927, dkt. #6, is DENIED; and

4. The September 5, 2013 decision of the United States Bankruptcy Court for the

Western District of Wisconsin denying Schmid's motion for relief is AFFIRMED.

Entered this 21st day of February, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge